# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Johnnie E. Stafford,**
**Claimant Below, Petitioner**

**vs.)      No. 21-1026**      (BOR Appeal No. 2056803)
                              (Claim No. 2020019398)

**Murray Metallurgical Holdings,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Johnnie E. Stafford appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Murray Metallurgical Holdings filed a timely response.[1] The issues on appeal are medical benefits, permanent partial disability, temporary total disability, and an additional compensable condition. The claims administrator denied authorization of additional physical therapy on June 16, 2020. On June 29, 2020, Mr. Stafford was granted a 1% permanent partial disability award. The claims administrator closed the claim for temporary total disability benefits on July 15, 2020. On September 23, 2020, the claims administrator denied a request to add right shoulder soft tissue injury to the claim. The claims administrator denied authorization of referral to a neurosurgeon on October 6, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the denial of additional physical therapy in its May 14, 2021, order. In that order, the Office of Judges reversed the remainder of the claims administrator's decisions, granted a 4% permanent partial disability award, granted temporary total disability benefits through September 28, 2020, added right shoulder soft tissue injury to the claim, and authorized a referral to a neurosurgeon. On November 24, 2021, the Board of Review affirmed the Office of Judges' grant of temporary total disability benefits through September 28, 2020; modified the permanent partial disability award to grant an 8% award; and reinstated the claims administrator's decisions denying the addition of right shoulder soft tissue injury to the claim and authorizing referral to a neurosurgeon.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

---

[1]Petitioner, Johnnie E. Stafford, is represented by Gregory S. Prudich, and respondent, Murray Metallurgical Holdings, is represented by Jeffrey B. Brannon.

[2]The denial of additional physical therapy is not on appeal. The Board of Review's decision does not mention the denial of authorization of additional physical therapy, and Mr. Stafford did not address the decision in his appeal to this Court.

1

Mr. Stafford, a belt coordinator, was injured on February 6, 2020, when a piece of coal fell from a mine roof, striking his head, neck, and upper body. A cervical MRI was performed at Charleston Area Medical Center ("CAMC") that day and showed C3-4 disc osteophyte complex, C4-5 and C5-6 degenerative changes with generalized disc bulges, and C6-7 mild degenerative changes with bulging and moderate right foraminal stenosis. A thoracic x-ray showed numerous areas of disc space narrowing with vertebral height osteophytes but no evidence of acute injury. On February 19, 2020, the claim was held compensable for head and neck sprains and contusions.

Mr. Stafford was treated for the compensable injury by Dominador Lao, M.D., from February 17, 2020, through May 28, 2020, for neck pain that radiated into his head and right shoulder with tingling in the arm and hand. Dr. Lao diagnosed head contusion, neck sprain, neck contusion, and right shoulder soft tissue injury. He recommended physical therapy, which was authorized on February 24, 2020. Mr. Stafford underwent physical therapy and reported some improvement in range of motion.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on June 9, 2020, in which he noted that Mr. Stafford's cervical range of motion measurements were invalid because there was no physiological explanation for the degree of limitation found. He suspected symptom magnification and malingering. Dr. Mukkamala diagnosed head contusion and cervical sprain and opined that Mr. Stafford also suffered from preexisting, noncompensable degenerative cervical spondylosis. He opined that Mr. Stafford was at maximum medical improvement and could return to work. Any ongoing symptoms were attributed to behavioral and symptom magnification issues. Dr. Mukkamala assessed 0% impairment based on Mr. Stafford's range of motion measurements due to symptom magnification. He placed Mr. Stafford in Cervical Category II-B from Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*"), for 4% impairment. He then placed Mr. Stafford in Cervical Category II from West Virginia Code of State Rules § 85-20-E and adjusted the rating to 5%. Dr. Mukkamala then apportioned 4% for preexisting conditions, leaving 1% impairment attributable to the compensable injury.

On June 16, 2020, the claims administrator denied authorization of additional physical therapy. Mr. Stafford returned to Dr. Lao on June 25, 2020, and Dr. Lao recommended additional physical therapy and a neurosurgical referral due to persistent right upper extremity neuropathy. On July 15, 2020, the claims administrator closed the claim for temporary total disability benefits because Mr. Stafford was found to be at maximum medical improvement. The claims administrator denied the addition of right shoulder soft tissue injury to the claim on September 23, 2020.

Bruce Guberman, M.D., performed an independent medical evaluation on September 28, 2020, in which he diagnosed head contusion and chronic post-traumatic cervical strain and opined that Mr. Stafford had reached maximum medical improvement. He assessed 9% impairment based on Mr. Stafford's range of motion measurements. Dr. Guberman placed Mr. Stafford in Cervical Category II-B from Table 75 of the AMA *Guides*, for 4% impairment for a total of 13% cervical spine impairment. He then placed Mr. Stafford in Cervical Category II from West Virginia Code of State Rules § 85-20-E and adjusted the rating to 8%. Dr. Guberman assessed no impairment for

Mr. Stafford's right shoulder complaints because he felt Mr. Stafford's bilateral shoulder and right upper extremity symptoms were radiating from the cervical spine.

On October 6, 2020, the claims administrator denied a request from Dr. Lao for referral to a neurosurgeon. Dr. Lao testified in a November 11, 2020, deposition that Mr. Stafford required additional physical therapy and referral to a neurosurgeon due to persistent right upper extremity symptoms. He opined that Mr. Stafford's right shoulder condition is the result of the compensable injury and noted that Mr. Stafford reported shoulder pain on his first visit.

David Soulsby, M.D., performed an independent medical evaluation on January 27, 2021, in which he diagnosed acute cervical sprain, head contusion, and cervical degenerative disc disease. He agreed with Dr. Mukkamala's finding of maximum medical improvement and that Mr. Stafford required no further treatment. Dr. Soulsby also agreed with Dr. Guberman's opinion that Mr. Stafford's shoulder complaints were originating from the cervical spine. Dr. Soulsby assessed 15% impairment based on Mr. Stafford's range of motion measurements. He placed Mr. Stafford in Cervical Category II-B from Table 75 of the AMA *Guides*, for 4% impairment for a total of 19% whole person impairment. Dr. Soulsby then placed Mr. Stafford in Cervical Category II from West Virginia Code of State Rules § 85-20-E and adjusted the rating to 8%. Dr. Soulsby then apportioned 4% for preexisting conditions. He noted that Mr. Stafford was already awarded a 1% permanent partial disability award and therefore recommended an additional 3% award.

In a February 9, 2021, supplemental report, Dr. Mukkamala stated that he disagreed with Dr. Guberman's opinion that Mr. Stafford's cervical impairment should not be apportioned. Dr. Mukkamala stated that Mr. Stafford had cervical degenerative changes that preexisted the compensable injury.

In a November 24, 2021, order, the Office of Judges affirmed the claims administrator's denial of additional physical therapy; reversed the remainder of the claims administrator's decisions; granted a 4% permanent partial disability award; granted temporary total disability benefits through September 28, 2020, added right shoulder soft tissue injury to the claim; and authorized a referral to a neurosurgeon. The Office of Judges first addressed temporary total disability benefits. It found that the denial was based on Dr. Mukkamala's report in which he opined that Mr. Stafford was malingering. The Office of Judges found no evidence to support this assertion, as no other physician of record mentioned evidence of malingering. The Office of Judges concluded that Dr. Guberman provided the most accurate opinion regarding Mr. Stafford's maximum medical improvement. In his September 28, 2020, evaluation, Dr. Guberman found that Mr. Stafford's symptoms were stable, he was making very little progress with physical therapy, and he had reached maximum medical improvement. The Office of Judges therefore found that Mr. Stafford was entitled to temporary total disability benefits until September 28, 2020, the date Dr. Guberman found he had reached maximum medical improvement.

The Office of Judges affirmed the claims administrator's denial of additional physical therapy. It found that Mr. Stafford had nearly fifty physical therapy sessions but saw very little improvement in his symptoms. His physical therapist recommended referral to a pain management specialist. The Office of Judges did, however, grant a referral to a neurosurgeon. It found that Mr.

Stafford has had ongoing cervical, shoulder, and right arm symptoms since the compensable injury occurred. Dr. Lao and Mr. Stafford's physical therapist both opined that Mr. Stafford should be examined by a neurosurgeon. The Office of Judges noted that Mr. Stafford had no acute pathology on MRI or EMG; however, it found it reasonable to refer Mr. Stafford for an evaluation given that he had no symptoms prior to the compensable injury and suffered from continuous symptoms thereafter.

The Office of Judges next addressed the addition of right shoulder soft tissue injury to the claim. It noted that Mr. Stafford consistently reported shoulder issues and that Dr. Lao diagnosed soft tissue injury as a result of the compensable injury. However, Dr. Guberman concluded in his evaluation that Mr. Stafford's shoulder symptoms were a manifestation of his cervical spine injury. Dr. Soulsby concurred and Mr. Stafford's physical therapist noted that radicular symptoms, like Mr. Stafford has, usually stem from cervical spine issues. The Office of Judges determined that Mr. Stafford's right shoulder symptoms were likely a result of his cervical injury. However, the Office of Judges also concluded that Mr. Stafford did sustain a right shoulder soft tissue injury. It noted that the report of injury lists a right shoulder injury, Dr. Lao diagnosed the condition, and the mechanism of injury is compatible with a right shoulder injury. The Office of Judges therefore added right shoulder soft tissue injury to the claim.

Lastly, the Office of Judges addressed Mr. Stafford's 1% permanent partial disability award. It noted that there were three evaluations of record. Dr. Mukkamala found 1% impairment, Dr. Guberman found 8% impairment, and Dr. Soulsby found 4% impairment. Dr. Mukkamala's report was determined to be unreliable because he was the only physician of record to find malingering and his opinion was unsupported by the record. Dr. Guberman's report was also found to be flawed. He attributed the entire cervical spine impairment to the compensable injury, but the Office of Judges concluded that Mr. Stafford likely had range of motion impairment prior to the compensable injury. MRIs showed degenerative changes throughout the cervical spine with osteophyte complex, disc bulging, and mild to severe foraminal narrowing. The Office of Judges concluded that Dr. Soulsby's report was the most reliable of record because he considered Mr. Stafford's degenerative changes and apportioned accordingly. The Office of Judges therefore granted a 4% permanent partial disability award.

In its November 24, 2021, decision, the Board of Review affirmed the Office of Judges' grant of temporary total disability benefits through September 28, 2020; modified the permanent partial disability award to grant an 8% award; and reinstated the claims administrator's decisions denying the addition of right shoulder soft tissue injury to the claim and denying authorization for a referral to a neurosurgeon. The Board of Review found that Drs. Guberman and Soulsby both examined Mr. Stafford and concluded that his right shoulder symptoms were originating from his cervical spine. Their opinions were found to be reliable and supported by the evidentiary record.

Regarding a referral to a neurosurgeon, the Board of Review found that the request was made around the same time as Dr. Guberman's evaluation. Dr. Guberman noted that Mr. Stafford underwent EMG/NCS and there was no evidence of cervical radiculopathy. He opined that no further treatment was necessary or likely to help Mr. Stafford. Dr. Soulsby also opined that Mr.

4

Stafford required no further treatment. The Board of Review concluded that their opinions were reliable.

Finally, the Board of Review addressed Mr. Stafford's permanent partial disability. It determined that the evidence failed to show a definitely ascertainable preexisting impairment for Mr. Stafford's cervical spine. Mr. Stafford's physical therapist stated that he had normal age-related wear and tear but no symptoms until after the compensable injury occurred. The Board of Review found no evidence that Mr. Stafford had cervical spine treatment or issues prior to the compensable injury, and he was fully capable of performing all of his job duties. It therefore concluded that the apportionment by Drs. Mukkamala and Soulsby was arbitrary and unreliable. It therefore granted an 8% permanent partial disability award based on Dr. Guberman's report.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior order of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code §§ 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Board of Review. Pursuant to West Virginia Code § 23-4-7a, temporary total disability benefits will cease when Mr. Stafford has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. A preponderance of the evidence indicates Mr. Stafford reached maximum medical improvement on September 28, 2020, as found by Dr. Guberman. Therefore, he is entitled to temporary total disability benefits until that date. After reaching maximum medical improvement, a claimant is entitled to an award for any permanent partial disability they suffered as a result of the compensable injury. There is no evidence that Mr. Stafford had cervical impairment prior to the compensable injury, despite his degenerative changes. Therefore, he is entitled to an unapportioned 8% permanent partial disability award.

Regarding the addition of right shoulder contusion to the claim, West Virginia Code § 23-4-1 provides that employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The evidence indicates Mr. Stafford injured his cervical spine as a result of the compensable injury and that his right shoulder symptoms are a manifestation of his cervical injury as found by Drs. Guberman and Soulsby. Finally, we affirm the denial of a referral to a neurosurgeon. Mr. Stafford was found to be at maximum medical improvement and in need of no further treatment.

Affirmed.

5

**ISSUED: September 14, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn